ALFRED H. RUST, SURVIVING PARTNER, ETC., APPELLANT, v. CONCORD CASUALTY AND SURETY COMPANY AND MAX PASCHER, RESPONDENTS.

Submitted October 27, 1933—Decided January 5, 1934.

For the appellant, *Harold Farkas.*

For the respondent Pascher, *Hirschberg & Naschel.*

For the respondent surety company, *Solomon & Solomon.*

The opinion of the court was delivered by

PARKER, J.   This is an appeal from a judgment for defendants, principal and surety, entered pursuant to an order by a Circuit Court judge sitting as a specially designated Supreme Court commissioner, which directed that the complaint be struck out and that judgment final be entered in favor of defendants and against the plaintiff, with costs, however, to the plaintiff.   The award of costs is not in question on this appeal.

The suit is on a recognizance of bail in a civil action.   The complaint averred a breach of the condition of the recognizance in that after recovery by plaintiff of a judgment, defendant Pascher neither paid the judgment nor surrendered to the sheriff; that a *capias ad satisfaciendum* was issued and returned *non est inventus;* that neither the surety nor the defendant paid, nor did the surety render the defendant into custody.

The action is brought pursuant to section 79 of the Practice act of 1903.   *Comp. Stat., p.* 4075.   Section 77 provides that (even after suit begun) "the defendant may on notice to the plaintiff render himself or be rendered in discharge of his bail * * * to the court * * * or to a judge; provided, such render be made within twenty days after the return of the * * * process in an action on the recog-

nizance of bail and not after, unless for good cause further time be granted by the court or a judge. * * *." The abolition of a return day of the summons by the passage of the Practice act of 1912 and rules thereunder, was considered by the writer in *Van Nest* v. *Nauman,* unofficially reported in 9 *N. J. Mis. R.* 570, 1038, but its effect was not determined, and it is not in question here, as the alleged or attempted render was in fact within twenty days after the *teste* of the summons; and on that the defendants' case stands or falls. If the render was lawfully made, it was in time; if not lawfully made, it was no render at all, and the matter of time was immaterial.

We are clear that no lawful render was made, and that the attempted render was nugatory. The trial judge in a short memorandum stated, and correctly, that "the question to be determined is whether or not proper and sufficient notice of the intention to surrender was given to the plaintiff." He held that there "had been a sufficient compliance with the statute," *i. e.,* that sufficient notice had been given. In this he erred.

The statute has been recited above; and the important clause is "on notice to the plaintiff." Two questions arise: 1, how long a notice? and 2, must the notice be in writing?

The second question may well be answered first. The proceeding is a court proceeding, and the general rule is that in such case any notice should be in writing. 46 *C. J.* 555; *Hunt* v. *Langstroth,* 9 *N. J. L.* 223; *Tillou* v. *Hutchinson,* 15 *Id.* 178, 179. Practice act of 1903, section 193. Written notice was given in *Van Nest* v. *Nauman, supra,* and doubtless also in *Truitt* v. *Landesman,* 108 *Id.* 109. Section 193 contains the qualifying clause, "unless otherwise specially provided;" but there is no special provision applicable to the case. Section 195 covers only cases in which "no provision is made by law for the mode, time, or duration of such notice." As we have seen, the statute regulates the mode; and as we shall see, it also regulates the time and duration. Apparently at common law previous notice of a proposed surrender was not required. See *Arch. Prac.* (*ed.* 1840), 628; 1 *Tidd Practice,*

284, 288. In this state it was not a matter of statute until 1903. The notice clause does not occur in *Paterson*, 360, § 43, nor in the Revised Statutes of 1847, page 956, section 42; nor in the Revision of 1877, page 862; nor in the General Statutes of 1895, page 2548. The compilers of the Practice act of 1903 were the late Justices Dixon and Fort, and Mr. Charles L. Corbin, and it is to be assumed that they inserted the clause with the purpose evident on its face.

The other matter is that of time, and this also seems to be regulated by the general language of section 190 of the Practice act of 1903, which reads:

"Whenever notice is required in any matter of practice, two days' notice shall be sufficient, unless otherwise specially directed; provided, if the exigency of the case be such as not to admit of such notice, the court or a judge may dispense with such notice and make such order as the ends of justice require."

It is not suggested that there was any exigency requiring resort to this proviso, and it need not be further considered. The court below simply ruled that "there had been a sufficient compliance with the statute;" in other words, that the notice was sufficient. We are clear that it was not sufficient, either in character or time. What seems to have taken place was that someone telephoned at one-five P. M., from a judge's chambers to the office of plaintiff's attorney, who was out at the time, "that the defendant Max Pascher was going to be surrendered to the sheriff of the county of Hudson at one-fifty P. M. on that day." The attorney was probably out at his lunch when that telephone message was received. He knew nothing of the matter until late in the afternoon.

A notice of this kind should have been in writing; it was telephoned. It should have been a two days' notice, unless some special exigency existed, and of this there is no proof. Moreover, the notice was a notice of surrender to the sheriff and not to the court, and that would not be a good surrender. *Jupin* v. *Jupin*, 3 *N. J. Mis. R.* 163; *Truitt* v. *Landesman*, *supra*. Sections 77 and 78, Practice act of 1903.

The first ground of appeal is that "the court erred in strik-

ing out the complaint and in entering judgment final in favor of the defendants."

The second is that it erred in not striking out the answer (which *inter alia* set up a surrender). As to this second ground, there is no right of appeal from a refusal to strike out a pleading, though the court might well have done so. But the complaint is adequate on its face, and as the defense of surrender was not made out, and could well be classed as frivolous, there was clear error in striking out the complaint.

Moreover, the commissioner had no power to order the entry of judgment. *Milberg* v. *Keuthe*, 98 *N. J. L.* 779; *Lang Co.* v. *McGarry*, 106 *Id.* 457, 459; *National Surety Co.* v. *Mulligan*, 105 *Id.* 336, 338. There was therefore error on the record in entering judgment by direction of the commissioner. It may well be that the Supreme Court on application would have vacated the order, but this in effect would have been but a gesture, as it is customary for the court itself, or a justice, to direct entry of judgment when it is the appropriate consequence of striking out a pleading. However, we have before us what is on its face a judgment record, and finding error, it is proper to reverse. *Knight* v. *Cape May Sand Co.*, 83 *N. J. L.* 597. This was the course pursued in *Lang Co.* v. *McGarry, supra,* where the lower court was without jurisdiction; and similarly in *Milberg* v. *Keuthe, supra,* the "judgment" was reversed. The case before us will take the same course. Let the judgment be reversed and the cause remanded for trial or summary disposition conformable to the views herein expressed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.